IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| MARCO THOMAS,<br>    Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 3:18cv30 (HEH) |
| JASON NORTON,<br>    Defendant. | ) ) ) ) | |
| WILBER ENSLEY, *et al.*,<br>    Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 3:17cv24 (MHL) |
| CITY OF RICHMOND, VIRGINIA, *et al.*,<br>    Defendants. | ) ) ) ) | |
| BRAVETTE JOHNSON, *et al.*,<br>    Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 3:17cv553 (MHL) |
| CITY OF RICHMOND, VIGRINIA, *et al.*,<br>    Defendants. | ) ) ) | |

## ORDER REGARDING PROCEDURES FOR SETTLEMENT CONFERENCE

The Court has scheduled this case for a settlement conference on **March 5, 2018,** at **9:30 a.m.** At that time, the parties shall report to the chambers of United States Magistrate Judge David J. Novak.

In addition to counsel, **each party <u>must</u> have a representative physically present with the full authority to settle this action.** If a business entity (or entities) is/are involved, each entity

must have a representative with full authority to settle the case on behalf of that entity physically present. The term "full authority" means the ability of the representative to resolve the case up to the value of the last demand by the Plaintiff. A defense representative can have full authority even if the representative does not expect or intend for the case to settle at the value of the last demand by the Plaintiff(s). **The failure of a party to have a representative physically present with full authority to settle the case may result in the imposition of sanctions upon that party.**

**Not later than close of business than ten (10) calendar days[1] before the settlement conference,** each party must submit a brief memorandum to the Court *ex parte* setting forth that party's position and include the following topics:

- An objective overview of the basic allegations, defenses and relevant facts;
- A realistic assessment of the strengths and weaknesses of each party's position;
- A summary of settlement discussions to date;
- A statement of settlement expectations (to include settlement offers(s));
- A list of the names and positions of those who will attend the settlement conference on behalf of the party, including identification of the person(s) with the full authority to settle the case on behalf of the party; and,
- A certification that a person with full authority to settle the case on behalf of the party will be physically present at the settlement conference.

Due to the *ex parte* nature of the settlement memorandum, it should be delivered directly to the Court's chambers (either by e-mail or by hand delivery of a hard copy) and not filed with the Clerk's Office. The memorandum will be considered and maintained on a confidential basis until resolution of the case, when the memorandum will then be destroyed. The memorandum will not be exchanged (or its contents discussed) with opposing parties or counsel by the Court without prior permission.

**The Court will allot three (3) hours for the settlement conference.** Therefore, the parties must be prepared to move forward in an expeditious manner during the settlement conference. To

---

[1]     If this deadline falls on a federal holiday, the parties must submit their memoranda no later than close of business (5:00 PM) on the nearest preceding business day.

aid this process, counsel for the plaintiff(s) shall tender an offer to counsel for the defendant(s) no later than **February 14, 2018**. Counsel for the defendant(s) shall respond either by accepting the offer or with a counter-offer by **February 27, 2018**. Counsel for the plaintiff(s) shall be responsible for informing the Court via an e-mail to chambers of the offers exchanged and the outcome of this process not less than three (3) calendar days before the settlement conference.

**In any case in which the Commonwealth of Virginia holds a lien** against the plaintiff(s) for past medical treatment, not less than thirty (30) calendar days before the settlement conference, counsel for the plaintiff(s) shall negotiate in good faith with the Office of the Attorney General of the Commonwealth of Virginia ("OAG") in an attempt to reduce the lien pursuant to the Code of Virginia § 8.01-66.9. To ensure that the OAG has sufficient information to address the liens, counsel for plaintiff(s) shall provide the OAG with the following information not later than thirty (30) days before the settlement conference: a statement of the case, including injuries to plaintiff(s) and others, liability and damage issues, plaintiff's financial and employment status, attorneys' fees and costs, the Commonwealth's lien amount(s), other lienholders and lien amounts, and a specific offer of compromise with an articulated basis for the proposed reduction. If such negotiations prove unsuccessful, counsel for the plaintiff(s) shall notify the OAG of the date and time of this settlement conference and provide them with a copy of this Order. Should the OAG wish to participate in the settlement conference either in person or by telephone to raise any objections to a reduction of the lien, a representative of the OAG should notify Chambers not less than three (3) calendar days before the settlement conference. Further, counsel for the plaintiff(s) shall report to the Court the outcome of the negotiations with the OAG not less than three (3) calendar days before the settlement conference.

The settlement conference will begin with all parties and their counsel/representatives present. The Court will explain its role and the manner that the settlement conference will be

3

conducted.  Thereafter, the parties will be separated and the Court will meet with counsel for each

side until a resolution is achieved.  When an agreement is reached, the Court will be prepared to

reduce the agreement to a Memorandum of Understanding, which will be enforceable upon the

parties as a contract.  Thereafter, the parties will have ten (10) days to complete the final settlement

agreement consistent with the terms of the Memorandum of Understanding.  Should the parties wish

to draft their own settlement agreement at the settlement conference in lieu of the Memorandum of

Understanding, they may do so, but the parties must bring with them to the settlement conference a

laptop along with a thumb drive containing a draft settlement agreement.[2]  **In all cases involving a**

**class action or putative class action,** counsel for the plaintiffs shall be responsible for emailing to

chambers in WORD format draft terms regarding any class issues for the Memorandum of

Understanding not less than three (3) calendar days before the settlement conference.

Should counsel or party representatives wish to bring any electronic devices, including

laptops and/or cell phones, to the settlement conference, counsel must include the proper

authorization form with the settlement memorandum, consistent with the requirements of this

Court's Personal Electronics Device Policy.[3]

If the matter is not settled, the Court will simply inform the designated trial judge that the

matter was not resolved despite the parties' good faith efforts (provided that the parties comply

---

[2]      The parties may also bring a laptop with a thumb drive if they would like to expedite the process for the creation of the Memorandum of Understanding.
[3]      http://www.vaed.uscourts.gov/locations/documents/NEW_PERSONAL%20ELECTRONICS%20DEVICE%20POLICY.pdf

with the conditions of this Order and act in good faith during the settlement conference).

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

_____/s/_____

David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date:  January 24, 2018