IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARCO THOMAS,

    Plaintiff,

v.                        Case No. 3:18CV00030

JASON NORTON,

    Defendant.

**BRIEF IN SUPPORT OFJASON NORTON'S
MOTION TO DISMISS THE COMPLAINT**

## I.      INTRODUCTION

Plaintiff Marco Thomas ("Thomas") was arrested after police officers discovered marijuana and a firearm in his bedroom in November 2009 during the execution of a search warrant allegedly procured by Norton. Thomas does not dispute he had the illegal contraband in his possession, nor does he dispute that the possession of this contraband constituted probable cause to arrest and prosecute him. In fact, Thomas pled guilty in 2010.

Thomas' conviction was eventually vacated in February 2016, after alleged inconsistencies with the search warrant were discovered. Thomas maintains that the confidential informant used as a basis to obtain the search warrant to search his home did not exist because Norton copied information about the informant from an old affidavit.

Thomas argues the discrepancies in the application for the search warrant give rise to claims against Norton for unlawful seizure, unlawful search, malicious prosecution, and denial of his right to make a voluntary and intelligent plea under 42 U.S.C. §1983. Thomas also brings a state claim for malicious prosecution.

Thomas' claims for unlawful seizure and unlawful search, however, are barred by the applicable limitations period.  Thomas' claims for unlawful seizure and malicious prosecution, both federal and state, fail because Thomas' arrest and prosecution were supported by probable cause and because he was guilty.  Thomas was in possession of illegal contraband, and tellingly, he does not dispute that he is guilty.

Unlike a criminal proceeding, the "fruit of the poisonous tree" doctrine does not apply to Section 1983 actions.  Even if it did, Thomas' indictment and guilty plea constitute intervening and superseding causes that preclude his recovery under a malicious prosecution theory.

## II.   ALLEGATIONS

On November 19, 2010, Norton and other officers entered Thomas' home to execute a search warrant in the City of Richmond.  See Complaint (ECF Doc. 1 at ¶ 9-17).  Thomas reviewed the search warrant and "was immediately suspicious of the warrant due to the fact that he knew none of the activity described in the warrant had occurred in his presence."  Id. at ¶ 14. The officers found a firearm and marijuana in Thomas' bedroom.  Id. at ¶ 18.  Thomas was arrested for possession of marijuana.  Id. at ¶ 19-20.

Thomas was released on bail and, thereafter, hired a defense attorney.  Id. at ¶ 21. Thomas told his attorney that he suspected the warrant was falsified and the defense attorney filed a motion to suppress the marijuana.  Id. at ¶ 22.  Norton falsely testified in support of the validity of the search warrant and the motion to suppress was denied.  Id. at ¶ 23.  The charge for possession of marijuana was dismissed without prejudice.  Id. at ¶ 24.  The charge for possession of marijuana was reinstated and the charge for possession of unlawful firearm was added.  Id. at ¶ 25.

In or around August, 2010, Thomas was arrested on those charges during a traffic stop. Id. at ¶ 26.   Thomas pled guilty because he knew the motion to suppress had been denied and because he was advised of "the evidence that would be admitted if he went to trial." Id. at ¶ 27. Norton gave brief testimony at the hearing for Thomas' guilty plea during which he explained how he obtained the search warrant.  Id. at ¶ ¶ 28-29.  Thomas received a prison sentence of 7 years in prison, with 5.5 years suspended.  Id. ¶ 30. Thomas served 15 months in jail and, afterward, had supervised probation for over a year.  Id. ¶ 31. The Commonwealth's Attorney later recommended that Thomas' conviction be vacated, citing problems with the arrest warrant prepared by Norton.  Id. at ¶ 33.  On February 12, 2016, Judge Taylor vacated Thomas' conviction.  Id. ¶ 32.

### III.     LAW AND ARGUMENT

### A.     Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss an action if the Complaint fails to state a claim upon which relief can be granted.  Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  In reviewing a defendant's motion under Rule 12(b)(6), a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Legal conclusions, however, enjoy no such deference. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).  As the court pointed out in Iqbal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  556 U.S. at 678, 129 S. Ct. at 1949 (Emphasis added.  Internal quotations omitted).

To state a plausible claim for relief, the Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). To discount such unadorned conclusory allegations "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. This approach recognizes that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966) (Emphasis added). As the court further noted in Francis, "[a]t bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 588 F.3d at 193 (internal quotation marks omitted).

**B.      Thomas Does Not State a Claim under Section 1983.**

> **1.      Thomas' Fourth Amendment Claims Fail as a Matter of Law.**

Thomas alleges that Norton violated his Fourth Amendment right against unlawful seizure by "knowingly or with reckless disregard for the truth includ[ing] material false statements or omit[ting] material facts in an affidavit submitted in support of a warrant application  See Complaint (ECF Doc. 1 at ¶ 48). Thomas also alleges Norton violated his Fourth Amendment right against unlawful search by searching his house using an invalid search warrant. Id. at ¶¶ 63-64. Thomas alleges Norton violated his Fourth Amendment right against malicious prosecution when he misused criminal procedure to prosecute Thomas. Id. at ¶¶ 69-71.

Thomas' Fourth Amendment claims cannot survive a motion to dismiss for five reasons: (1) there was probable cause for Thomas' arrest; (2) the fruit of poisonous tree doctrine does not apply to Section 1983 claims; (3) The reinstatement of the marijuana possession charge, addition of the unlawful firearm possession charge, and guilty plea are intervening and superseding causes that insulate Norton from liability; (4) Thomas was guilty of the crimes charged; and (5) Thomas' claims for unlawful seizure and search are time-barred.  Consequently, Counts I-III of the Complaint should be dismissed with prejudice.

### a.  Probable cause defeats Thomas' Fourth Amendment Claims.

To state a Fourth Amendment violation under a malicious prosecution theory, Thomas must allege that "[1] the defendant ha[s] seized plaintiff pursuant to legal process that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor."  Smith v. Munday, 848 F.3d 248, 253 (4th Cir. 2017).  Thus, the question at issue is whether there was probable cause to arrest Thomas.  Id. at 253.  Probable cause requires more than bare suspicion, but it requires less than evidence necessary to convict.  Id.

Here, it is clear from the Complaint that there was probable cause to arrest Thomas.  He was arrested because of the illegal contraband discovered in his bedroom.  Thomas seeks to avoid this result by contending that Norton falsified confidential informant information on the search warrant application and that the "fruit of the poisonous tree" exclusionary rule would exclude evidence found as a result of the search warrant.  Thomas, however, was not arrested based on Norton's alleged representations in the search warrant application.  It was the possession of the illegal drugs and gun that provided the probable cause for Thomas' arrest.  Indeed, probable cause exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in the circumstances shown, [to believe] that the

suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37, 99 S. Ct. 2627, 2632, 61 L. Ed. 2d 343 (1979).

Under these circumstances, there is no question that probable cause existed to support Thomas' arrest and prosecution.  See, e.g., United States v. Clyburn, 24 F.3d 613, 618 (4th Cir. 1994) (although the informant's reliability initially was questionable, the officer set up and monitored controlled purchases of cocaine supporting probable cause finding); Durham v. Horner, 690 F.3d 183 (4th Cir. 2012) (finding probable cause to arrest plaintiff for drug distribution based on police investigation even though police arrested the wrong person); Black v. Wigington, 811 F.3d 1259, 1267 (11th Cir. 2016) (police officer cannot be liable for malicious prosecution if the arrest warrant was supported by probable cause); Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (deputies were amply justified in believing that Porterfield was engaging in criminal activity by attempting to sell a Mercedes Benz for cash and drugs based on informant information and police observations); Washington v. Daniels, Case No. 5:12-ct-03080, 2014 WL 4701174, at *4 (E.D.N.C. Sept. 22, 2014), aff'd, 591 F. App'x 237 (4th Cir. 2015) (dismissing Section 1983 malicious prosecution case because there was probable cause for the arrest despite plaintiff's contention that confidential informant lacked credibility).

The discovery of illegal contraband – the probable cause for the arrest and prosecution of Thomas - is fatal to his Fourth Amendment claims of unlawful seizure and malicious prosecution against Norton.

**b.** **Norton is not liable under a "fruit of the poisonous tree" theory.**

Thomas does not dispute that marijuana and an illegal firearm were found when the search warrant was executed.  Rather, Thomas supports his Fourth Amendment claims on the theory that his possession of illegal drugs and a weapon could not be considered for purposes of

probable cause, because they were discovered during an illegal search. Even if Thomas' Fourth Amendment rights were violated by an illegal search, Norton cannot be liable under Section 1983 for a lawful arrest and prosecution that resulted after an allegedly unlawful search. The "fruit of the poisonous tree" doctrine does not apply in Section 1983 cases.

The fruit of the poisonous tree doctrine is merely an extension of the exclusionary rule, see Segura v. United States, 468 U.S. 796, 804, 104 S. Ct. 3380 (1984), and as such generally operates "only in criminal trials." Pa. Bd. of Probation & Parole v. Scott, 524 U.S. 357, 364 n. 4, 118 S. Ct. 2014 (1998). Consequently, "[v]ictims of unreasonable searches . . . may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999) (the lack of probable cause to stop and search does not vitiate the probable cause to arrest); see also Ware v. James City County, Virginia, 652 F. Supp. 2d 693, 705 (E.D. Va. 2009) (holding that the fruit of the poisonous tree doctrine does not apply in Section 1983 civil cases); Guerrero v. Deane, 750 F. Supp. 2d 631, 652 (E.D. Va. 2010) (finding in a Section 1983 case that the lawfulness of an entry is a separate question from the lawfulness of a subsequent seizure).

Ware addressed legal issues similar to those at issue here. In Ware, the investigating officer, responding to a harassment complaint, entered a residence without a warrant to question the suspect plaintiff. 652 F. Supp. 2d at 697. An altercation ensued. Id. The investigating officer called back-up and arrested the plaintiff. Id. at 697-700. In the subsequent civil suit, the plaintiff argued that his arrest was unlawful, regardless of whether the arresting officer had probable cause, because the officer violated his right to privacy by forcibly entering the home. Id. at 705. The Court rejected this claim and held that the legality of the officer's entry was

irrelevant to the question of probable cause for the arrest.  Id. at 706 (holding that the fruit of the poisonous tree doctrine does not apply in Section 1983 civil cases); see also Sommerville v. Dobson, Case No. 4:10-cv-00067, 2011 WL 9160525, at *8 (E.D. Va. Mar. 8, 2011) (rejecting the argument that defendants were precluded from relying on probable cause evidence found during an unlawful search under the fruit of the poisonous tree doctrine in a Section 1983 claim. "Whether Dobson's and Ledbetter's entry onto Sommerville's property was lawful is irrelevant to the question of whether Dobson and Ledbetter are entitled to summary judgment on Sommerville's unreasonable seizure claim. The answer to that question depends solely upon whether Sommerville's alleged seizure was supported by probable cause.")

Courts of Appeals for the Second, Third, Fifth, Ninth, and Eleventh Circuits have also found that the doctrine does not apply to Section 1983 claims.  See Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999) ("[v]ictims of unreasonable searches . . . may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution."); Hector v. Watt, 235 F.3d 154, 157 (3rd Cir. 2001) (declining to extend the exclusionary rule to civil cases) ; Wren v. Towe, 130 F.3d 1154 (5th Cir. 1997) (holding that the exclusionary rule was not applicable in a truck owner's Section 1983 action against law enforcement officers who allegedly conducted an illegal search of truck); Lingo v. City of Salem, 832 F.3d 953, 960 (9th Cir. 2016) ("Nothing within the fruit-of-the-poisonous-tree doctrine suggests that an officer must ignore facts that would give him probable cause to arrest a person merely because those facts were procured through an unlawful search."); Black v. Wigington, 811 F.3d 1259, 1267-68 (11th Cir. 2016) ("We now join our sister circuits and hold that the exclusionary rule does not apply in a civil suit against police officers," finding that arrest

warrants were plainly supported by probable cause listing the marijuana, drug paraphernalia, and clothing that the officers found in the Blacks' trailer).

Not extending the exclusionary rule to civil claims makes sense when the genesis of the exclusionary rule is considered.  "The exclusionary rule is [ ] a judicially created means of deterring illegal searches and seizures." Pennsylvania Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 363 (1998). **The Supreme Court has "emphasized repeatedly that the governments' use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution."** Id. at 362. **The rationale behind the exclusionary rule is "to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved," and "application of the rule has been restricted to those areas where its remedial objectives are thought to be most efficaciously served."** United States v. Janis, 428 U.S. 433, 446–447 (1976) (citing U.S. v. Calandra, 414 U.S. 338, 348, 94 S. Ct. 613, 620, 38 L.Ed.2d 561 (1974)).  Applying the exclusionary rule to civil claims under Section 1983 has minimal deterrence benefits since the use of the exclusionary rule in criminal trials already deters illegal searches.  See e.g., U.S. v. Janis, 428 U.S. 433, 448 (1976) (holding that the exclusionary rule did not bar the introduction of unconstitutionally obtained evidence in a civil tax proceeding because the costs of excluding relevant and reliable evidence would outweigh the marginal deterrence benefits, which, the Court noted, would be minimal because the use of the exclusionary rule in criminal trials already deterred illegal searches).

While an illegal search may be actionable, an arrest and prosecution based on that search is not grounds for a malicious prosecution claim.  Williams v. City of Tulsa demonstrates this point.  2016 WL 1572957 (N.D. Okla. Apr. 19, 2016).  There, an officer fabricated a confidential informant in an affidavit to obtain a search warrant. Id. at *2.  Police then executed the search

warrant and found drugs and a firearm, and later arrested the plaintiff, who was convicted and sentenced to life imprisonment. Id. at *3. After serving six years in a maximum-security federal prison, the plaintiff was released around the time that officer was indicted for—and later convicted of—perjury. Id. at *4. Relying on Black, Townes, and Wren, the court held that the fruit of the poisonous tree doctrine was inapplicable in the plaintiff's malicious prosecution case. Id. at *6-7. The court acknowledged that "a constitutional violation did occur" when the search warrant was executed. But "without the benefit of the exclusionary rule and the fruit of the poisonous tree doctrine . . . no further constitutional violation occurred." Id. at *7. The court concluded that "this is not a case of actual innocence or wrongful imprisonment," and accordingly found "no reason to compensate [the plaintiff] for the six years he served." Id.; see also Bradshaw v. Mazurski, 2004 WL 170337, at *6 (N.D. Ill. Jan. 15, 2004) (refusing to apply the fruit of the poisonous tree doctrine where officers allegedly procured a search warrant using false testimony and then discovered contraband that led to the plaintiff's arrest and prosecution).

Norton's alleged conduct in purportedly obtaining an invalid search warrant does not preclude a finding of probable cause for Thomas' arrest and subsequent prosecution under Section 1983. Simply put, Thomas is not permitted to pursue monetary compensation when there was probable cause for his arrest and prosecution. Thomas received the relief to which he was entitled as evidenced by the dismissal of his criminal charge. Townes, 176 F.3d at 148 ("Townes has already reaped an enormous benefit by reason of the illegal seizure and search to which he was subjected: his freedom, achieved by the suppression of evidence obtained in violation of the Fourth Amendment.") Accordingly, Thomas' Fourth Amendment claims for unlawful seizure and malicious prosecution should be dismissed with prejudice.

    **c.**    <u>**The dismissal and reinstatement of his marijuana charge, the addition of his weapon charge, and his guilty plea were intervening and superseding causes that insulate Norton from liability.**</u>

Even if Thomas could pursue a fruit of the poisonous tree theory, the dismissal of Thomas' marijuana charge, later reinstatement of that charge, the addition of the weapon charge, and Thomas' guilty plea broke any chain of causation between Norton obtaining the search warrant and any harm to Thomas.  A charge can only be dismissed at the discretion of the trial court upon motion of the prosecutor showing good cause.  See Va. Code § 19.2-265.3.  Following the dismissal of his charge for possessing marijuana, the decision was made to reinstate it and add the charge for unlawful possession of a firearm.  <u>See</u> Complaint (ECF Doc. 1 at ¶¶ 24-25).  The marijuana charge could not have been reinstated except by decision of the prosecutor, magistrate, and/or grand jury upon a finding of probable cause.  After a charge has been dismissed, and the decision is made to proceed against the defendant for the same offense, "a new indictment is required", and this "new indictment is a new charge, distinct from the original charge or indictment."  <u>Duggins v. Com.</u>, 59 Va.App. 785, 792, 722 S.E.2d 663, 665 (2012)(citations omitted). Moreover, the new weapon charge could have only been added, and a warrant issued, after a magistrate and/or grand jury found it was supported by probable cause.  There are no allegations that Norton was involved in the reinstatement of the marijuana charge or addition of the weapon charge.

The Fourth Circuit stated that "a police officer is not liable for a plaintiff's unlawful seizure following indictment 'in the absence of evidence that [the officer] misled or pressured the prosecution.'"  <u>Evans v. Chalmers</u>, 703 F.3d at 648. Because Section 1983 constitutional torts "require a demonstration of both but-for and proximate causation," "subsequent acts of independent decision-makers (e.g., prosecutors, grand juries, and judges) may constitute

intervening superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure" Id. at 674. (citing Murray v. Earle, 405 F.3d 278, 289-90 (5th Cir. 2005) and Townes v. City of New York, 176 F.3d 138, 146 (2d Cir. 1999))

The Fourth Circuit recognized that "[it] has long since been settled by the Supreme Court that 'an indictment' 'fair upon its face,' returned by a 'properly constituted grand jury,' 'conclusively determines the existence of probable cause.'" Durham v. Horner, 690 F.3d 183, 189 (2012) (quoting Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975)). The Durham court noted, however, that "notwithstanding the conclusive effect of the indictments, our precedents instruct that 'a grand jury's decision to indict….will [not] shield a police officer who deliberately supplied misleading information that influenced the decision.'" Id. (internal citation omitted). Here, Thomas alleges that Norton testified at the hearing on Thomas' motion to suppress in response to his original charge, and at the hearing on his guilty plea,[1] but there are no allegations that Norton provided any testimony or support when the marijuana charge was reinstated or the warrant for the weapon charge was issued. Therefore, as in Durham, the probable cause determination by the magistrate and/or grand jury "[was] the proximate cause of the Plaintiff's arrest and detention." Id. The decision to seek a dismissal and the trial court's decision to grant it also served as intervening causes.

Additionally, Thomas' guilty plea establishes probable cause to arrest. See Ein v. Barry, 14 F.3d 594 at *2-3 (4th Cir. 1994). It stands to reason that if Thomas was not guilty of the underlying charges, he would have fought to prove his innocence. He would have filed a motion to suppress in response to the new charges. Instead, the independent actions of the court, prosecutor, magistrate and/or grand jury, and Thomas himself in pleading guilty each serve as

---

[1] See Complaint (ECF Doc. 1 at ¶¶ 23, 28-29).

independent, superseding causes of any harm to Thomas.  Consequently, Thomas' Section 1983 unlawful seizure and malicious prosecution claims should be dismissed with prejudice.

### d.       Thomas' Fourth Amendment Claims Must Fail Because He is Guilty

Thomas admits marijuana and a firearm were found in his room.  (ECF Doc. 1 at ¶ 18). Thomas admits he pled guilty because his motion to suppress had already been denied and because of the evidence that would be used against him at trial. (ECF Doc. 1 at ¶ 27).   Thomas did not, however, allege that he filed another motion to suppress following the reinstatement of his marijuana charge and addition of his firearm charge.  It stands to reason that if Thomas and his defense attorney thought a motion to suppress was warranted before, they would have filed a motion to suppress in response to the new charges.  They did not.  Instead, Thomas pled guilty. The evidence found in Thomas' room proved his guilt. A plaintiff's actual innocence is a prerequisite for bringing a Section 1983 action.  See, e.g., Donahue v. Gavin, 280 F.3d 371, 383-84 (3d Cir. 2002) (plaintiff must actually be innocent to bring a Fourth Amendment claim).

### e.       Thomas' Unlawful Seizure and Unlawful Search Claims are Time-Barred

Thomas' Section 1983 claims for illegal seizure and illegal search are time-barred. Section 1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur.  Owens v. Okure, 488 U.S. 235, 239-40, 109 S. Ct. 573, 102 L.Ed.2d 594 (1989).   Virginia has a two-year statute of limitations for general, personal injury claims.  Va. Code Ann. § 8.01-243(A).  The question of when a claim under Section 1983 accrues, however, is governed by federal law.   Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

A cause of action under Section 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable

inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Once a plaintiff has information regarding the fact of his injury and who effected it, the plaintiff has inquiry notice that requires him to undertake an investigation as to the details of his claims; and, "[t]o excuse him from promptly [making inquiry] by postponing the accrual of his claim would undermine the purpose of the limitations statute." Id. (citing and quoting United States v. Kubrick, 444 U.S. 111,122-124 (1979)); Lewis v. Clark, 534 F. Supp. 714 (D. Md. 1982) (holding the statute of limitations began to run at the time of the illegal search, not when the defendant police officer admitted to fabricating the search warrant and planting drugs).

A Section 1983 false arrest claim accrues, not "upon his release from custody, after the State dropped the charges," but rather when "legal process was initiated." Wallace v. Kato, 549 U.S. 384, 390, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)[2], does not toll the limitations period:

> The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict…And what if the plaintiff guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? Does that event (instead of the Heck-required setting aside of extant conviction) trigger accrual of the cause of action? Or what if prosecution never occurs- what will the trigger be then? We are not disposed to embrace this bizarre extension of Heck.

Wallace, 549 U.S. at 393.

The same reasoning would apply to Thomas' unlawful search claim. Heck would not toll the limitations period while Thomas' waited to see if he was convicted as a result. Furthermore, claims involving allegedly falsified search warrant affidavits are analyzed under the Fourth Amendment. Miller v. Prince George's County, MD, 475 F.3d 621 (4th Cir. 2007). Such claims

---

[2] The Heck court stated, "[A] plaintiff attacking the legality of his conviction or confinement has no cause of action under Section 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Plaintiff cited this case in support of Counts I (false arrest), II (unlawful search), and IV of his Complaint (denial of right to make voluntary and intelligent plea). (¶¶57, 65, 82)

"do not necessarily imply the invalidity of [a] conviction and thus are not barred by" the accrual rule of Heck. Covey v. Assessor of Ohio County, 777 F.3d 186, 197 (4th Cir. 2015).

Here, the search warrant was obtained and executed in 2009. Thomas admits he was "immediately suspicious of the warrant" on the day the search warrant was executed. Thomas also admits he told his defense attorney, sometime before August, 2010, that "he suspected that the warrant was falsified." The defense attorney filed a motion to suppress in response to the original charge. Even if the Court uses August 2010, the date when he was arrested on the reinstated marijuana charge and the additional weapon charge, the claim for unlawful seizure is still time-barred. Thomas did not file his Complaint until January, 2018, well-beyond the two year time period since he had notice of the allegedly defective warrant and he was arrested.

The Fourth Circuit's decision in Cramer v. Crutchfield perfectly illustrates why the unlawful seizure and unlawful search claims are time-barred. 648 F.2d 943, 945 (4th Cir. 1981). On September 5, 1977, the cab of Cramer's truck was allegedly searched illegally during a traffic stop initiated by Crutchfield. Id. at 944. An illegal radar detection device was found in the cab under a mattress. Id. Cramer was later convicted in the Prince George County General District Court for equipping his vehicle with the device in violation of Virginia law. Id. at 945. Cramer never asserted that the search was unlawful and never objected or moved to suppress the evidence found during the search. Cramer appealed his conviction to the Circuit Court for Prince George County. Id. On September 18, 1978, the charges against Cramer were dismissed by motion of the Commonwealth's Attorney. Id.

On September 18, 1979, more than two years after the search of Cramer's truck, Cramer filed a Section 1983 action against Officer Crutchfield, asserting that his constitutional rights were violated due to an unlawful search and seizure, malicious prosecution, and a malicious

abuse of process.  Id. at 944.  The Fourth Circuit found that, while Cramer had stated a valid claim for illegal search and seizure, that claim was time-barred since the search occurred more than two years earlier.  Id. at 945.

Just as in Cramer, Thomas' Section 1983 claims arise from allegations of an illegal search of his home and his unlawful arrest, and the use of illegally obtained evidence to prosecute him.  Because more than two years passed since the search and the arrest before the Complaint was filed, Thomas' claims for false arrest and illegal search are time-barred.

**2.      Thomas Cannot Sustain a Claim that his Fourteenth Amendment Right to Make a Voluntary And Intelligent Plea Was Violated.**

In Count IV of the Complaint, Thomas pursues a novel theory of recovery against Norton under Section 1983, alleging that his Fourteenth Amendment right to make a voluntary and intelligent plea was violated.  This theory of recovery is not actionable.  It is another iteration of his malicious prosecution claim.

The Supreme Court has recognized that guilty pleas cannot be accepted by a criminal court without an affirmative showing that the plea was intelligent and voluntary.   Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969).  A guilty plea is given intelligently when the defendant is given "real notice of the true nature of the charge against him."  Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257-58 (1976)(citation omitted).  Thomas alleges that Norton "intentionally misinformed [him] about a crucial aspect of his case" by obtaining the search warrant through misrepresentation, (ECF Doc. 1 at ¶ 77), and that misrepresentation induced Thomas to plead guilty.  (ECF Doc. 1 at ¶ 78).  These allegations are contradicted by Thomas' other allegations that he was, "immediately suspicious of the warrant" at the time it was executed, that he told his defense attorney he "suspected it was falsified" so that the attorney filed a motion to suppress the marijuana, and that he agreed to

submit to a guilty plea after being advised of the evidence that would be admitted at trial. (ECF Doc. 1 at ¶¶ 16, 22, 27).

There is no allegation, however, that Thomas did not understand the charges against him when he pled guilty, nor is there any allegation that Thomas is innocent. Rather, Thomas' allegations refer to the events set in motion by Norton's alleged illegal search warrant and the prosecution that ensued. Thomas' guilty plea was another wheel in the alleged malicious prosecution. "[T]he right to be free from prosecution without probable cause [does] not [represent] a substantive due process right, but rather [represents] a violation of the petitioner's Fourth Amendment right to be free from unreasonable seizures." *Lambert v. Williams,* 223 F.3d 257, 261 (4th Cir.2000) (citing *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)); *Brooks v. City of Winston–Salem, N.C.,* 85 F.3d 178, 184 (4th Cir.1996) ("[T]he Fourth Amendment provides all of the pretrial process that is constitutionally due to a criminal defendant in order to detain him prior to trial.")

There does not appear to be any authority in this Circuit for the proposition that Section 1983 can be used as a monetary vehicle to rectify an involuntary or unintelligent guilty plea. It makes sense that Thomas cannot use this device as a sword since the right to a voluntary and intelligent guilty plea is limited to a determination by a criminal court that the criminal defendant is properly informed about the charges he faces and the consequences of pleading guilty. See id. at 243-44 ("What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence."); Meyer v. Branker, 506 F.3d 358, 367–68 (4th Cir.2007) ("For a guilty plea to be constitutionally valid, a defendant

must be made aware of all the 'direct,' but not the 'collateral,' consequences of his plea."), cert. denied, 554 U.S. 925, 128 S. Ct. 2975, 171 L.Ed.2d 899 (2008)).

Thomas will most likely rely on the Fourth Circuit's decision in United States v. Fisher, 711 F.3d 460 (4th Cir. 2013) to support his theory. Fisher, unlike the case at bar, was a criminal case. In Fisher, the defendant was charged with drug trafficking and a firearm crime solely based on evidence seized from his residence during the execution of a search warrant. Id. at 463. Subsequently, the defendant pled guilty to the firearm charge and was sentenced to 10 years in prison. Id. Over a year later, the officer, who swore out the affidavit that supported the search warrant, pled guilty to a variety of fraud and theft offenses related to his duties as a DEA taskforce officer. Id. The officer admitted that the confidential informant he identified in Fisher's search warrant affidavit "had no connection to the case" and that another individual was "the real informant[.]" Id. The officer also admitted to receiving monetary kickbacks by splitting reward money with the confidential informants to whom he falsely attributed information. Id.

Fisher filed a motion to vacate his guilty plea based on this new information which the district court denied. The Fourth Circuit reversed, holding that the officer's false statement in the search warrant affidavit amounted to impermissible government conduct that violated the defendant's due process right so as to make his plea involuntary. Id. at 462, 467-69.

Fisher is inapplicable here, however, because it is an extension of the fruit of the poisonous tree doctrine in the criminal context. This doctrine does not apply in § 1983 cases. As explained supra., an arrest based upon probable cause, even if the evidence is procured through an unlawful search, does not give rise to a § 1983 claim. Thus, there can be no civil claim based on Fisher.

**C.**     **Thomas' State Law Malicious Prosecution Claim Must Also Be Dismissed**

Thomas also asserts a claim against Norton for malicious prosecution under the common law of Virginia. Actions for malicious prosecution "are not favored in Virginia" and "the requirements for maintaining such an action are more stringent than other tort cases." Reilly v. Shepherd, 273 Va. 728, 733, 643 S.E.2d 216, 218 (2007); Pallas v. Zaharopoulos, 219 Va. 751, 250 S.E.2d 356 (1979). This is because criminal prosecutions are essential for the maintenance of an orderly society, and people should not be discouraged from participating in such actions for fear of later civil lawsuits. Lee v. Southland Corp., 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978). To sustain a cause of action for malicious prosecution, the plaintiff must prove that the prosecution was: (1) malicious; (2) instituted by or with the cooperation of the defendant; (3) without probable cause; and, (4) terminated in a manner not unfavorable to the plaintiff. O'Connor v. Tice, 281 Va. 1, 7, 704 S.E.2d 572, 575 (2011).

Thomas' state law claim for malicious prosecution fails for the same reason the Section 1983 malicious prosecution claim cannot survive – Thomas' arrest was supported by probable cause. "Probable cause serves as a complete defense to an action for malicious prosecution…" Pallas v. Zaharopoulos, 219 Va. 751, 755, 250 S.E.2d 356, 359 (1979). Actual guilt is also a complete defense to an action for malicious prosecution. See Wiggs v. Farmer, 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964)("The action for malicious prosecution was designed for the benefit of the innocent and not of the guilty."); Horne v. Bridwell, 193 Va. 381, 389, 68 S.E.2d 535, 540 (1952)("Proof of the actual guilt of the person accused is a complete defense even though the prosecution may have been dismissed or the defendant acquitted.")

Thomas does not dispute that illegal contraband was found in his possession during the search, and that cannot be ignored. Thus, there was probable cause to arrest and prosecute.

Thomas does not allege his innocence, and he cannot proceed on his claim when he actually committed the crime, but had his criminal case dismissed on a legal technicality.

Furthermore, Thomas' intervening indictment and guilty plea breaks any causal connection between Norton's alleged misconduct concerning the search warrant and the subsequent prosecution, guilty plea, and conviction.

For these reasons, Thomas' state claim against Norton should be dismissed with prejudice.

**D.      The Rationale of the Townes Case Applies and Supports Dismissal of All Claims.**

Plaintiff's demand for relief runs counter to the principles of tort law and public policy. "The evil of an unreasonable search and seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." Townes, 176 F.3d at 148. "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." Id.; Ware, 652 F. Supp. 2d at 706.

Numerous courts across the country, including the Third Circuit in Hector v. Watt, 235 F.3d 154, 157 (3rd Cir. 2001), and district courts, including in the Fourth Circuit, have followed Townes on this and related issues (such as the inapplicability of the fruit of the poisonous tree doctrine in Section 1983 actions).[3] Given the overwhelming consensus of opinion on this point,

---

[3] See Washington v. Hanshaw, 552 Fed. Appx. 169, 172-173 (3rd Cir. 2014)(following Townes and Hector, and rebutting Fourteenth Amendment argument related to an illegal search); Martin v. City of Chicago, Case No. 1:15-cv-04576, 2017 U.S. Dist. LEXIS 1157 *9-13 (N.D. Ill. Jan. 5, 2017); Willis v. Mullins, Case No. 1:04-cv-06542, 2014 U.S. Dist. LEXIS 37762, *16-17 (E.D. Cal. Mar. 20, 2014); Koven v. Lewis, 8:10-cv-00373, 2014 U.S. Dist. LEXIS 2458 *15 (D. Neb. Jan. 9, 2014); Silver v. D.C. Metro. Police Dept., 939 F. Supp. 2d 20, 22-23 (D.D.C. 2013) (citing Townes and Hector); Smith v. Kelly, Case No. 2:11-cv-00623, 2013 U.S. Dist. LEXIS 153172 *41 (W.D. Wash. Oct. 24, 2013); Ruth v. Ford, Case No. 2:09-cv-11278, 2010 U.S. Dist. LEXIS 83825 *18-20 (E.D. Mich. Aug. 17, 2010); Vaughn v. Davis, Case No. 8:07-cv-1173,

it is very likely that the Fourth Circuit would adopt the holdings in Townes and Hector. Norton urges this Court to do the same and dismiss this action with prejudice.

As noted above, a federal court considering a case with nearly identical circumstances dismissed those claims because that case, like this one, "[was] not a case of actual innocence or wrongful imprisonment," so there is "no reason to compensate" the plaintiffs for the time they served for offenses they committed. Williams v. City of Tulsa, 2016 WL 1572957, at *7 (N.D. Okla. Apr. 19, 2016). This Court should follow that same sound reasoning and dismiss this action with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, this Court should grant Jason Norton's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

**JASON NORTON**

By Counsel

/s/
David P. Corrigan (VSB No. 26341)
Leslie A. Winneberger (VSB No. 45040)
Attorneys for Jason Norton
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
lwinneberger@hccw.com

---

2008 U.S. Dist. LEXIS 29867 *13-14 (D.S.C. Jan. 31, 2008); see also Williams v. Carroll, Case No. 1:08-cv-4169, 1010 U.S. Dist. LEXIS 137868 *11, 14-15 (N.D. Ill. Dec. 29, 2010) (citing several Seventh Circuit district court decisions following Townes on the exclusionary rule and there agreeing that no damages were owed for an improper arrest once contraband was found).

## C E R T I F I C A T E

I hereby certify that on the 16th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Seth R. Carroll, Esq.
>Commonwealth Law Group, PLLC
>1506 Staples Mill Road, Suite 202
>Richmond, VA 23230
>
>Connor Bleakley, Esq.
>Commonwealth Law Group, PLLC
>1506 Staples Mill Road, Suite 202
>Richmond, VA 23230

>/s/
>David P. Corrigan (VSB No. 26341)
>Leslie A. Winneberger (VSB No. 45040)
>Attorneys for Jason Norton
>Harman, Claytor, Corrigan & Wellman
>P.O. Box 70280
>Richmond, Virginia  23255
>804-747-5200 - Phone
>804-747-6085 - Fax
>dcorrigan@hccw.com
>lwinneberger@hccw.com